## Jones *v.* State.

No. 39632 April 11, 1955 79 So. 2d 262

810

*Robert E. Covington, Jr.,* Quitman, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant was tried in the Circuit Court of Clarke County on an indictment charging that he did unlawfully, feloniously and intentionally point a pistol at and towards Melvin Gordon, not in necessary self defense nor in the lawful discharge of his official duty, and while so intentionally pointing said pistol, willfully and feloniously discharged the same and injured the said Melvin Gordon. He was convicted and sentenced to a term of eighteen months in the State penitentiary. The indictment was so drawn as to charge a violation of Section 2013 of the Mississippi Code of 1942, making it a felony to intentionally point or aim a pistol at or toward another, and to discharge the same and by such discharge injure another, except in self defense or in the lawful discharge of official duty.

It is the sole contention of the appellant on this appeal that the judgment of conviction is contrary to the overwhelming weight of the evidence. The evidence was wholly conflicting.

The State's proof showed that the appellant appeared at the home of the prosecuting witness, Melvin Gordon, about 7:30 o'clock in the morning; that he knocked on the door, and when the door was opened and Gordon appeared, he said to Gordon that he had heard somebody say that he, Gordon, was toting a pistol for him; that Gordon denied that he was toting a pistol for the appellant, and inquired of appellant if he had a pistol, to which inquiry appellant replied in the negative; that Gordon went on the outside of his house and the appellant appeared from around the corner of the house and began to shoot at Gordon with a pistol; that appellant shot at Gordon three times while Gordon was running away from him; that one of the shots entered through Gordon's hip pocket, striking him in the back of the hip and injuring him; that Gordon, according to his testimony, was wholly unarmed and was making no attempt to attack the appellant or inflict upon him any bodily harm. The proof for the State clearly showed the intentional pointing of the pistol by the appellant at and toward Gordon and the discharge of the pistol and the injury of Gordon by such discharge.

On the other hand, the proof for the appellant tended to establish his claim of self defense. It showed that on the morning in question, the appellant went to the home of Gordon to see about buying some pigs which he understood might be bought there; that he knocked on the door of Gordon's home and that Gordon appeared and cut at him and advanced on him with a stick or piece of iron, and that he, the appellant, then shot, not to hit Gordon, but to stop him. The appellant was unable to explain why Gordon was shot in the back of the hip except to say that he supposed Gordon turned as the shots were being fired. The appellant offered proof of threats made against him by Gordon, and also offered proof of his own good character, and some evidence of Gordon's bad reputation for peace or violence, and for truth and veracity.

 █ The proof both for the State and for the appellant clearly presented an issue of fact for the jury. The credibility of the witnesses and the weight of the testimony were clearly matters for the jury's determination. Armstrong v. State, 48 So. 2d 476. █ The jury resolved the issue of fact in favor of the State and against the appellant, and such action of the jury is sustained by ample evidence. The judgment of conviction is accordingly affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.